Chief Judge KOZINSKI,
with whom Judges BYBEE and CALLAHAN join, concurring in part:
I agree with the majority that the Arizona Supreme Court didn’t unreasonably apply the relevant Eighth Amendment precedent — Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), and Tison v. Arizona, 481 U.S. 137, 107 S.Ct. 1676, 95 L.Ed.2d 127 (1987) — in affirming Dickens’s death sentence. See Maj. Op. Parts I & II. I write separately because I believe the Arizona Supreme Court’s application of Enmund and Tison was more than just reasonable — it was entirely correct.
In Enmund, the Supreme Court overturned a getaway driver’s death sentence because there was no evidence that he killed, attempted to kill or intended the death of the victim. Enmund, 458 U.S. at 796-98, 102 S.Ct. 3368. As best the record showed, Enmund was a schmo hired to drive the getaway car for a robbery gone wrong; there was no evidence that he planned or otherwise participated in the crime. Id. at 786, 102 S.Ct. 3368. Five years later, Tison held that two brothers who played major roles in a violent jailbreak and kidnaping could be sentenced to death, even though the brothers didn’t intend or expect that anyone would be killed. Tison, 481 U.S. at 158, 107 S.Ct. 1676. The Court held that a major participant in a deadly crime may be sentenced to death if he acted with reckless indifference to human life. Id.
Enmund and Tison lay out a simple rule: A felony-murderer may be death-eligible if he kills intentionally or acts with reckless indifference. If sentenced under a recklessness theory, he must also have been a major participant in the felony that resulted in the victim’s death. Id. The Arizona Supreme Court found that Dickens didn’t intend to kill but that he was both reck *1323 lessly indifferent to human life and a major participant in the underlying felony. State v. Dickens, 187 Ariz. 1, 926 P.2d 468, 490 (1996). As I see it, the Arizona Supreme Court followed Tison to the letter in affirming Dickens’s death sentence.
Yet five of my esteemed colleagues find this result to be not just wrong but unreasonable. See Christen Dissent. For them, Tison is but a “narrow exception to the Enmund rule” that only those who kill or intend to kill can be sentenced to death. Id. at 1340. Dickens doesn’t fit into this narrow exception, my colleagues believe, because his crime was more like that of Earl Enmund (who, like Dickens, drove the getaway car) than the Tison brothers. Id. at 1338; see also id. at 1345. Because Enmund set aside a getaway driver’s death sentence, my colleagues find it unreasonable to reach a different result in our case. Id. at 1340 (“The Arizona Supreme Court’s decision to affirm the death penalty in Dickens’s case contravenes clearly established law set out in En-mund.”).
But the dissenters’ fact-specific reading of Enmund and Tison is incorrect: To the extent Enmund suggested that only intentional murderers may be sentenced to death, Tison overruled it. More specifically, Tison made clear that getaway drivers can be sentenced to death; they just can’t be sentenced to death if all they do is to serve as getaway drivers. As the Tison Court put it, Enmund prohibits “imposition of the death penalty for felony murder simpliciter,” 481 U.S. at 147, 107 S.Ct. 1676, but this doesn’t mean a showing of intent to kill is required in every case; the Eighth Amendment may also be satisfied by showing reckless indifference to human life. Id. at 157, 107 S.Ct. 1676 (“A narrow focus on the question of whether or not a given defendant ‘intended to kill,’ ... is a highly unsatisfactory means of definitively distinguishing the most culpable and dangerous of murderers.”). To conclude that Dickens can’t be sentenced to death because his conduct more “closely resembles the actions of Earl Enmund” than the Tison brothers, Christen Dissent at 1339, misses the point of Tison: The State made no showing that Enmund was reckless because it (mistakenly) thought he could be sentenced to death on a strict liability felony-murder theory. Enmund, 458 U.S. at 786, 102 S.Ct. 3368.
The evidence shows that Dickens easily satisfies Tison’s culpability requirements: He planned an armed robbery, convinced an unstable and violent teenager to carry it out, watched the crime transpire, picked up his confederate after the shootings, fled the scene and destroyed evidence. State v. Dickens, 926 P.2d at 474-75; see also Maj. Op. at 1305-08. More than just technically establishing Dickens’s death eligibility, the harrowing facts proved at trial fit squarely within Tison’s rationale: Such reckless murderers are “among the most dangerous and inhumane of all,” and their indifference to human life is “every bit as shocking to the moral sense as an ‘intent to kill.’ ” Tison, 481 U.S. at 157, 107 S.Ct. 1676. I therefore agree with the Arizona Supreme Court that Dickens’s death sentence was appropriate under Tison.
Nonetheless, eleven thoughtful, conscientious judges came to (at least) three disparate conclusions on this issue. See Christen Dissent at 1339-46 (state court was unreasonable); Watford Concurrence (state court was incorrect but reasonable); Maj. Op. at 1310-16 (state court wasn’t unreasonable); Kozinski Concurrence (state court was correct). The fact that decades after Tison we still have such sharp disagreement about what it means suggests that Enmund is a hazard to navigation and should be overruled. We can’t *1324 do this, but the Supreme Court can and should.